FILED
CLERK, U.S. DISTRICT COURT
11/16/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CELIA JANE LETENDER QUINN,<br>　aka "Jane Quinn,"<br>　aka "Jane Letender,"<br><br>　　　　Defendant. | CR No. 2:23-cr-00566-FMO<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 641: Theft of Government Property in Excess of $1,000; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH FIFTEEN

[18 U.S.C. § 641]

On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendant CELIA JANE LETENDER QUINN, also known as ("aka") "Jane Quinn," aka "Jane Letender," knowingly and willfully stole, purloined, and converted to her own use property of the United States Social Security Administration (the "SSA"), a department and agency of the United States, having a value in the aggregate in excess of $1,000, namely, Retirement Insurance Benefits in the following amounts, to which she

knew that she was not entitled, with the intent to deprive the SSA of the use and benefit of that money:

| COUNT | DATE | AMOUNT |
|---|---|---|
| ONE | 12/03/2018 | $1,731 |
| TWO | 01/03/2019 | $1,782 |
| THREE | 02/01/2019 | $1,782 |
| FOUR | 03/01/2019 | $1,782 |
| FIVE | 04/03/2019 | $1,782 |
| SIX | 05/03/2019 | $1,782 |
| SEVEN | 06/03/2019 | $1,782 |
| EIGHT | 07/03/2019 | $1,782 |
| NINE | 08/02/2019 | $1,782 |
| TEN | 09/03/2019 | $1,782 |
| ELEVEN | 10/03/2019 | $1,782 |
| TWELVE | 11/01/2019 | $1,782 |
| THIRTEEN | 12/03/2019 | $1,782 |
| FOURTEEN | 01/03/2020 | $1,803 |
| FIFTEEN | 02/03/2020 | $1,803 |

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Fifteen of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                         /S/
                                        Foreperson


E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

HAOXIAOHAN CAI
Assistant United States Attorney
General Crimes Section